UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RONNIE LEE SPARKS #322786     CIVIL ACTION

VERSUS     NUMBER: 20-0903

GREG CHAMPAGNE, SHERIFF; ET AL.     SECTION: "I"(5)

## REPORT AND RECOMMENDATION

Presently before the Court are the Rule 56 and Rule 12(b)(6) motions for summary judgment and to dismiss of the Defendants, Sheriff Greg Champagne, Corporal Jimmy Stack, Lieutenant Elizabeth Raiford, and Lieutenant Jared Peranio. (Rec. doc. 9, 10). Plaintiff has filed no memoranda in opposition to either of Defendants' motions.[1/]  For the reasons that follow, it is recommended that the Defendants' motions be granted in part and that Plaintiff's lawsuit be dismissed for failure to exhaust available prison administrative remedy procedures ("ARP").

Plaintiff, Ronnie Lee Sparks, is an inmate of the Nelson Coleman Correctional Center ("NCCC") in Killona, Louisiana. As his statement of claim herein, Plaintiff alleges as follows:

> Claim 1. On 1/16/2020 Greg Champagne denied him his civil rights and his constitutional rights to due process to press charges on officer Jimmy Stack for battery, by punching him in the face and head several ties with hand cuffs and cracking two of his left ribs. At Nelson Colman Correctional Center which is obstruction of Justices under the color of the law.
>
> Claim 2. On 12/8/19 Jimmy Stack, violated his constitutional rights with cruel and unusual punishment with excessive force,

---

[1/] As Plaintiff has filed no memoranda in response to Defendants' motions, timely or otherwise, the Court may properly assume that he has no opposition to them. *Johnson v. Colvin*, No. 14-CV-0401, 2014 WL 4186790 at *1 n. 1 (E.D. La. Aug. 22, 2014)(citing Local Rule 7.5 and *Bean v. Barnhart*, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007)); *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 n. 1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013)(same); *Lucas v. Crowe*, No. 11-CV-2752, 2013 WL 870514 at *1 n. 1 (E.D. La. Feb. 15, 2013), *adopted*, 2013 WL 870437 (E.D. La. Mar. 7, 2013)(same). Of course, motions like the Defendants', even if unopposed, may be granted as long as they have merit. *Braly v. Trail*, 254 F.3d 1082, 2001 WL 564155 at *2 (5th Cir. 2001).

>by punching him in the face and head several times with hand cuffs, and cracking two of his left ribs. At Nelson Correctional Center.
>
>Claim 3. On 12/8/19 Elizabeth Raiford, allowed his constitutional rights to be violated by not stoping her officer excessive force. And then denied him his civil rights when he asked an requested to press charges for battery. Which also is obstruction of Justice under the color of law. At Nelson Colman Correctional Center.
>
>Claim 4. On 1/16/2020 Jared Peranio, denied him of his civil rights to press charges on officer Jimmy Stack for battery, which denies him his constitutional rights to due process. Which also is obstruction of Justice under the color of law. At Nelson Colman Correctional Center.

(Rec. doc. 4, p. 5).

For the foregoing, Plaintiff seeks $100,000.00 in compensatory damages as well as the suspension, without pay, and demotion of the Defendants. (Rec. doc. 4, p. 6).

The four named Defendants now move for the dismissal of Plaintiff's lawsuit under Rules 56 and 12(b)(6), advancing a myriad of arguments in support of their requests, only one of which need be addressed to resolve the matter at hand: failure to exhaust prison administrative remedies. Defendants argue that Plaintiff's failure to fully avail himself of the administrative remedy procedure in place at NCCC is apparent from the face of his complaint, thus making dismissal under Rule 12(b)(6) for failure to state a claim appropriate; alternatively, in support of their request for dismissal under Rule 56(c), they present the declaration, made in conformity with 28 U.S.C. §1746, of Captain/Assistant Warden Jessica Troxclair as proof that Plaintiff failed to exhaust the ARP process. (Rec. doc. 9-20). As noted above, Plaintiff has filed nothing to countervail Defendants' arguments.

Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as

2

part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002)(citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted." *Id.* (emphasis added). Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007)(footnote omitted); *see also Moore v. Thaler*, 436 Fed.Appx. 311, 312 (5th Cir. 2011).

Just like the plaintiffs in *Naquin v. Larpenter*, No. 18-CV-14199, 2019 WL 3229358 (E.D. La. Jul. 17, 2019), *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013), *Authement v.*

3

*Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), and *Lathers v. Nelson Coleman Correctional Center*, No. 07-CV-2891, 2007 WL 1702780 at *3 (E.D. La. Jun. 11, 2007), Plaintiff admits on the face of his complaint, in answer to Question No. II(A) of the pre-printed 42 U.S.C. §1983 complaint form, that NCCC has a prisoner grievance procedure in place at that facility. (Rec. doc. 4, p. 2). He also admits that he filed an administrative grievance regarding the facts alleged in his complaint at the first step of the NCCC ARP process, which was denied, but that he did not proceed on to the second step of the process because the incident that occurred on December 8, 2019 was recorded on a surveillance camera. (*Id.* at pp. 2-3).[2] Given that Plaintiff makes clear on the face of his complaint that he has not exhausted the remedies that were available to him through the NCCC prisoner grievance procedure prior to filing suit, his complaint should be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809 (1999); *Lathers*, 2007 WL 1702780 at *3. *See also Plaisance v. Cain*, 374 Fed.Appx. 560, 561 (5th Cir. 2010)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).[3]

## RECOMMENDATION

For the foregoing reasons, it is recommended that Defendants' motions be granted in part and that Plaintiff's suit be dismissed without prejudice, but with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915.

---

[2] These facts are confirmed through the Declaration of Captain/Assistant Warden Troxclair and additional exhibits appended to Defendant's motion for summary judgment. (Rec. docs. 9-2, 9-3, 9-4).

[3] The Court parenthetically notes that Plaintiff's sole claim against Sheriff Champagne and Lieutenant Periano is that they failed to pursue criminal charges against Corporal Stack stemming from the incident on December 8, 2019, the basis of the grievance that he initiated but did not fully exhaust administratively. Private citizens, however, do not have a constitutional right to compel a criminal prosecution. *Lewis v. Jindal*, 368 Fed.Appx. 613, 614 (5th Cir. 2010).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). 4/

New Orleans, Louisiana, this  29th  day of        June        , 2020.

> *(signature)*
> MICHAEL B. NORTH
> UNITED STATES MAGISTRATE JUDGE

---

4/ *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.